UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Terry Marcum,                          )
                                       )
          *Plaintiff*,                 )
                                       )
v.                                     )     Case No. 3:13-CV-682-PLR-HBG
                                       )
Sevier County, Tennessee, *et al.*,    )
                                       )
          *Defendants*.                )

**Memorandum Opinion**

In November 2012, Terry Marcum was assaulted in the bathroom while he was incarcerated in the Sevier County Jail. He brought this lawsuit against Sevier County, Sheriff Ronald Seals, and two unnamed jailers asserting claims under 42 U.S.C. § 1983, as well as claims for state law negligent supervision and training, extreme and outrageous conduct, and intentional infliction of emotional distress. The defendants have moved for summary judgment [R. 20], the plaintiff has responded, and the matter is ripe. For the following reasons, the defendants' motion for summary judgment will be granted.

i.

The facts alleged by the plaintiff are quite brief: Terry Marcum entered the Sevier County Jail in April of 2012 to serve a sentence for driving under the influence and domestic violence. He was housed in the minimum security facility, commonly referred to as the "Annex," which was supposed to house only non-violent inmates. Despite this, the plaintiff claims that there were multiple fights in his pod every week.

On November 17, 2012 the plaintiff "was threatened by one or more inmates" and "told that he would be 'jumped in the shower.'" The plaintiff alleges "upon information and belief" that this threat was made in the presence of one of the guards. The following day, Mr. Marcum was attacked in the bathroom by three inmates, and he suffered from a broken eye socket, cracked teeth, and injuries to his head and knee. Normally the guards monitored the inmates from a glass room, but the plaintiff claims "upon information and belief" that the jail was understaffed and nobody was monitoring the inmates at the time of the attack. After the attack, Mr. Marcum was taken to the hospital.

One of the attackers, called "Spanky," had actually been charged with assaulting another inmate shortly before he attacked Mr. Marcum. Sevier County had a policy of removing inmates from the Annex if they committed acts of violence. Spanky, however, was not removed from the Annex after attacking his previous victim. If Spanky had been removed, the plaintiff contends, he would not have been able to attack Mr. Marcum.

ii.

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer,* 301 F.3d 937, 942 (6th Cir. 2002). Courts may not resolve genuine disputes of fact in favor of the movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating

2

lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

iii.

The plaintiff has asserted a number of constitutional claims against all the defendants pursuant 42 U.S.C. § 1983, including claims for violations of his Fourth, Fifth, Eighth, and

Fourteenth Amendment rights. The facts pled, however, are insufficient to support any of those claims.

   *a. Sheriff Seals*

It has long been established that supervisory liability cannot attach where allegations of liability are based upon a mere failure to act. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Instead, active unconstitutional behavior is required. *Id.* A supervisor cannot be found liable based solely on the right to control employees or even on an awareness of misconduct. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). "A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (internal quotations omitted).

The plaintiff has not alleged any active unconstitutional behavior by Sheriff Seals. They have not alleged that he encouraged any particular unconstitutional conduct or otherwise actively participated in conduct that deprived the plaintiff of his constitutional rights. Citing *Farmer v. Brennan*, 511 U.S. 825 (1994), the plaintiff contends that Sheriff Seals is liable for failing to protect the plaintiff from violence at the hands of other prisoners. But to establish such liability, the plaintiff must demonstrate that Sheriff Seals "was aware of facts from which the inference could be drawn that a substantial risk of harm would exist if reasonable measures were not taken, that the defendant actually drew the inference, and that the defendant acted in disregard of that risk." *Amick v. Ohio Dept. of Rehabilitation & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 837). The plaintiff has not done so. There is no evidence in the record supporting an inference that Sheriff Seals was aware of the threats made against the plaintiff. Without being aware of facts from which the Sheriff could determine that the plaintiff

4

was at substantial risk of harm, the Sheriff cannot be found liable under a failure to protect theory.

   b. *Sevier County*

A plaintiff cannot use § 1983 to sue a local government under the theory of *respondeat superior*. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 692-94 (1988)). A plaintiff may only recover from the local government for its own wrongdoing. *Id.* The plaintiff asserts two theories for municipal liability in this case: (1) *Monell* liability for the existence of an officially executed polity or the toleration of a custom that lead to violations of the plaintiff's constitutional rights; and (2) failure to train.

Under *Monell*, the local government can be found liable under § 1983 if the plaintiff can establish that an officially executed policy or the toleration of a custom leads to, causes, or results in the deprivation of a constitutionally protected right. *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691). "A 'municipal' custom may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice." *Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005) (quoting *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004)). To prevail on a *Monell* claim, the plaintiff must establish that the custom is "so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (quoting *Doe v. Claiborne County*, 103 F.3d at 507).

A failure to train arguments requires the plaintiff to prove that the employees of a municipality committed a constitutional violation due to a lack of training by policy makers, and that those policymakers are deliberately indifferent to the need for the training that would have

5

avoided such a constitutional violation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). This theory obviously requires that the alleged failure to train results in a constitutional deprivation.

The only possible constitutional violation alleged by the plaintiff is for failure to protect under *Farmer*. As discussed above, liability under *Farmer* requires an individual to be aware of facts from which to draw an inference of danger to the plaintiff. The plaintiff has not alleged that any guard or prison official knew of the threats made toward the plaintiff. The complaint and even the plaintiff's response in opposition of summary judgment only state that "upon information and belief" these threats took place in the presence of one of the guards. Statements made on information and belief, however, are insufficient to create an issue of fact necessary to defeat summary judgment. *See, e.g. Hadley v. Inman*, 2006 WL 141750, at *8 (E.D. Tenn. January 18, 2006) (collecting cases).

Finally, to the extent the plaintiff is asserting a failure-to-protect argument based on the fact that Spanky was not removed from the Annex after his previous assault, that claim fails. There is no doubt that Spanky would not have been able to participate in the assault on the plaintiff had he been removed; however, Spanky was only one of three individuals who assaulted the plaintiff. The plaintiff does not actually name the individual who threatened him, and there is simply no evidence on the record (or even allegations) to support a conclusion that the plaintiff would not have been assaulted without Spanky in the Annex.

Without pointing to any evidence in the record to support finding a constitutional violation, the plaintiff cannot prevail on a failure to train or *Monell* claim for municipal liability. The defendants' motion for summary judgment will be granted with respect to the claims asserted against Sevier County.

6

c. Unidentified Officers

In their motion for summary judgment, the defendants argue that the unidentified officer defendants should be dismissed for the plaintiff's failure to timely amend his complaint and identify them. The plaintiff responded by agreeing to dismiss his claims against them. Accordingly, they will be dismissed.

iv.

With the plaintiff's § 1983 claims dismissed, all that remains are his state law claims. Title 28 § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over state law claims when they raise novel or complex issues of state law or, in exceptional circumstances, there are compelling reasons for declining supplemental jurisdiction. The Tennessee Governmental Tort Liability Act provides in pertinent part that "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter. . . ." Tenn. Code Ann. § 29-20-307. This expresses a clear preference from the Tennessee legislature that claims under Tennessee's Governmental Tort Liability Act be handled by state courts. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). Accordingly, this Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. They will be dismissed without prejudice.

iv.

For the foregoing reasons, the defendants' motion for summary judgment [R. 20] is **Granted**. The plaintiff's federal claims asserted against Sevier County and Sheriff Seals are dismissed with prejudice. The plaintiff's state law claims asserted against Sevier County and Sheriff Seals are dismissed without prejudice. Finally, all the plaintiff's claims asserted against the unidentified guard defendants are dismissed with prejudice.

7

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**